IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION | :<br>:<br>: |
| Plaintiff | : CIVIL ACTION NO. 1:15-CV-159 |
| v. | :<br>: |
| NATIONAL MENTOR HEALTHCARE, LLC d/b/a GEORGIA MENTOR | :<br>:<br>: **JURY TRIAL DEMANDED** |
| Defendant. | :<br>: |

## COMPLAINT

This is an action under Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of sex, pregnancy, and to provide appropriate relief to Charging Party Lisa Sullivan ("Sullivan") who was adversely affected by such practices. Plaintiff, Equal Employment Opportunity Commission, ("EEOC") alleges that Defendant National Mentor Healthcare, LLC d/b/a Georgia Mentor ("Defendant") subjected Sullivan to unlawful discrimination by rescinding its job

1

offer to Sullivan for a position for which she was qualified after being informed of her pregnancy, in violation of Title VII, as amended.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3) (Title VII), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Middle District of Georgia, Albany Division.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant has continuously been a corporation doing business in the State of Georgia, and the city of Albany, and has continuously had at least 15 employees.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce under Section 701(b), (g) and (h) of Title VII, 42 U.S.C. § 2000e (b), (g) and (h).

6. On July 2, 2015, the Commission issued to Defendant a Letter of Determination finding reasonable cause to believe that Title VII was violated and inviting Defendant to join with the Commission in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

7. On August 20, 2015, the Commission issued to Defendant a Notice of Failure of Conciliation advising Defendant that the Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

## STATEMENT OF CLAIMS

8. More than 30 days prior to the institution of this lawsuit, Charging Party Lisa Sullivan filed her charge with the Commission alleging violations of

Title VII by Defendant. All conditions precedent to the institution of this lawsuit have been fulfilled.

9. Since at least July 18, 2013, Defendant has engaged in unlawful employment practices at its Albany, Georgia, facility in violation of Sections 703(a) and (m) of Title VII, 42 U.S.C. §§ 2000e-2(a) and (m), by rescinding its offer of employment to Sullivan for a position for which she was qualified in whole or in part because of her sex/pregnancy, in violation of Title VII, as amended.

10. On or about March 13, 2013, Defendant posted an opening for the position of Program Services Coordinator ("PSC") at its Albany, Georgia location.

11. On or around March 22, 2013, Sullivan submitted an application for the position and was interviewed on April 29, 2013, by Defendant's Program Director and Quality Assurance Manager.

12. On May 8, 2013, Defendant selected another female applicant for the PSC position.

13. Defendant anticipated hiring two new PSCs because it had experienced an increase in the number of clients that it was serving. However, by

June 2013, Defendant contends that it experienced a decrease in clients served in Albany; and therefore, decided not to fill a second PSC position.

14. However, in July 2013, the number of clients served increased sufficiently for Defendant to fill the second PSC position. On or about July 16, 2013, Defendant's Program Director called Sullivan and offered her the PSC position.

15. Sullivan initially told the Program Director that she would think about it and let her know because she had another job offer. However, the next day, Sullivan called and accepted the position.

16. After accepting the job offer, Sullivan also told the Program Director that she was pregnant. The Program Director told Sullivan that she would have to inform Human Resources and get back with her but the pregnancy shouldn't be a problem. They then discussed her salary, start date and potential caseload.

17. The Program Director failed to call Sullivan back, so on July 18, 2013, Sullivan contacted the Program Director to inquire about the status of the job offer. The Program Director indicated that she had told her supervisor about Sullivan's pregnancy, but she had not received a response from the supervisor. The call ended.

18. The Program Director called Sullivan right back and told her that if she had another job offer, she should take it and not wait to hear back from Defendant. She apologized to Sullivan and told her that she did really well in her interview. Sullivan never heard from Defendant again.

19. On July 17, 2013, the day after Sullivan informed Defendant of her pregnancy, Defendant re-posted the PSC position. In or around September 2013, Defendant hired a male candidate for the position.

20. Sullivan's status as a pregnant female was the sole cause, or at minimum, an unlawful motivating factor in Defendant's decision to rescind its offer of employment.

21. The effects of the practices complained of in paragraph 9 through 20, above, have been to deprive Sullivan of equal employment opportunities and otherwise adversely affect her status as an employee because of her sex and/or pregnancy.

22. The unlawful employment practices complained of in paragraph 9 through 20, above, were intentional.

23. The unlawful employment practices complained of in paragraph 9 through 20, above, were carried out with malice and/or reckless indifference to the federally protected rights of Sullivan.

24. The effects of the practices complained of in paragraphs 9 through 20, above, have been to inflict emotional pain, suffering, and inconvenience upon Sullivan and deprive her of the financial and other benefits of working for Defendant.

## PRAYER FOR RELIEF

WHEREFORE, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, successors, assigns and all other persons in active concert or participation with it, from refusing to hire and/or terminating employees on the basis of sex and/or pregnancy, and any other employment practice which discriminates on the basis of sex and/or pregnancy.

B. Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for female employees, and which eradicate the effects of its past and present unlawful employment practices.

C. Order Defendant to make whole Sullivan, who was adversely affected by Defendant's discriminatory conduct, by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices.

D. Order Defendant to make whole Sullivan, by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraphs 9 through 20, above, including, but not limited to, job search expenses.

E. Order Defendant to make whole Sullivan, by providing compensation for past and future non-pecuniary losses resulting from the unlawful employment practices described in paragraphs 9 through 20, above, including emotional pain and suffering, loss of enjoyment of life, inconvenience, anxiety, stress and humiliation in amounts to be determined at trial.

F. Order Defendant to pay to Sullivan punitive damages for Defendant's malicious and/or reckless conduct described in paragraphs 9 through 20, above, in amounts to be determined at trial.

G. Grant such further relief as the Court deems necessary and proper in the public interest.

H.  Award the Commission its costs in this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

                                                Respectfully submitted,

                                                P. DAVID LOPEZ
                                                General Counsel

                                                JAMES L. LEE
                                                Deputy General Counsel

                                                GWENDOLYN YOUNG REAMS
                                                Associate General Counsel

9/29/15                              s/ Robert K. Dawkins
  Date                                 Robert K. Dawkins
                                          Regional Attorney
                                          Georgia Bar No. 076206
                                          robert.dawkins@eeoc.gov

                                          Lakisha Duckett Zimbabwe, Esq.
                                          Senior Trial Attorney
                                          Georgia Bar No. 231641
                                          lakisha.duckett-zimbabwe@eeoc.gov

                                          U.S. Equal Employment Opportunity Commission
                                          Atlanta District Office
                                          100 Alabama St., SW, Suite 4R30
                                          Atlanta, Georgia 30303
                                          Telephone:  (404) 562-6818

Facsimile:  (404) 562-6905